UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
EDMUND BOYLE,

          Petitioner,

                                  10 CV 2639 (SJ)

   -against-                     MEMORANDUM &
                                           ORDER

UNITED STATES OF AMERICA,

          Respondent.
-----------------------------------------------------X
A P P E A R A N C E S

EDMUND BOYLE, *PRO SE*
#02680-748
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

LORETTA E. LYNCH, ESQ.
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
By:    Stephen Frank
         Amanda Hector
Attorneys for Respondent

**JOHNSON, Senior District Judge:**

       On March 21, 2005, following a jury trial, petitioner Edmund Boyle ("Boyle") was convicted of 11 charges brought against him in a 12-count indictment, including racketeering, racketeering conspiracy and several counts of bank burglary

1

and attempted bank burglary, pursuant to 18 U.S.C. §§ 1962, 371, 2113(a). He was sentenced to 151 months incarceration to be followed by three years supervised release, and was subsequently sentenced to an additional 240 months in the Southern District of New York after being indicted for and convicted of racketeering conspiracy, murder in aid of racketeering, and murdering a witness. See generally United States v. Boyle, No. 08 CR 523 (CM) (S.D.N.Y. filed Dec. 1, 2008).

Boyle filed the instant petition ("Petition") to vacate his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255") on June 7, 2010, to which the government responded on April 11, 2011. Although Boyle filed multiple requests for extensions of time in which to reply to the government's opposition, he submitted no such reply. Therefore, the Court will base its findings on the record as it stands, construing Boyle's Petition liberally, as the Court is wont to do when evaluating pro se submissions. See Cold Stone Creamery, Inc. v. Gorman, 361 Fed. Appx. 282, 285 (2d Cir. 2010) ("[T]he court must construe liberally pro se pleadings and interpret them 'to raise the strongest argument that they suggest.'") (citing Brownell v. Krom, 448 F.3d 305, 310 (2d Cir. 2006)).

Boyle argues that his conviction should not stand because it was based in part on the testimony of Gerald Bellafiore ("Bellafiore"), a cooperator who subsequently sought relief from his agreement with the government. Specifically, Bellafiore entered into a cooperation agreement with the government while he was incarcerated and facing numerous racketeering and bank burglary charges in this District. In

exchange for the government's promise to write a letter to his sentencing judge, Edward R. Korman, supporting a reduction in sentence pursuant to United States Sentencing Guideline § 5K1.1 ("5K Letter"), Bellafiore pled guilty to one count of racketeering and one count of using a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 1962(c), 1963, 924(c)(1)(A)(i). Bellafiore was released in 2003 pursuant to that cooperation, though he had not yet been sentenced. He had served a total of 42 months. Bellafiore testified against Boyle while on bond in 2005, implicating Boyle in all but one of the burglaries charged in the indictment against Boyle. Bellafiore remained on bond until 2009, when he was charged with committing multiple bank burglaries in the State of Florida. He pled guilty to one such burglary in the Southern District of Florida, and, on October 28, 2009, was sentenced to 78 months. (See United States v. Bellafiore, No. 09 CV 60139 (WJZ) (S.D. Fla. Filed May 27, 2009.) As a result of that conviction, the United States Attorney's office in this District considered Bellafiore to be in breach of his cooperation agreement, and a 5K Letter in support of a sentence reduction for the charges then pending did not issue.

Bellafiore wrote letters to Judge Korman on November 1, 2009 and December 30, 2009, seeking to withdraw the guilty plea he entered on February 21, 2001 to those charges. Bellafiore wrote that he "would have never pled guilty to the charges had [he] not been guaranteed the 5K.1 motion," and that the plea was "incorrect." Further, Bellafiore stated that he was

> confused and under a lot of pressure back then and wasn't on one of the robbreys [*sic*] which is a serious charge and not the way I ever acted plus this was only information that I gave to the US Attorney. I made a mistake on the day I wasn't there. But because of the pressure and medications I didn't know what they, meaning the US Attorney where [*sic*] taking about. Your Honor I pled guilty to a single count of superseding information [*sic*] to being a part of a crime of violence with a connection to a firearm on February 4, 2003 sorry 1993.

(See United States v. Bellafiore, 00 CR 824 (ERK) at Dkt. Nos. 212, 214.) The Superseding Information to which Bellafiore pled guilty charged him with the use of a firearm in connection with the attempted robbery of CBS Studios employees in New York City on February 4, 1993, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Bellafiore also pled guilty to Count One of a thirty-four count indictment, charging him with racketeering, in violation of 18 U.S.C. § 1962(c) and 1963. The racketeering acts to which Bellafiore pled guilty involved a bank robbery in Brooklyn, a bank robbery on Staten Island, damaging a vehicle by fire in Brooklyn, and several interstate transfers of money stolen from night deposit boxes in Bayonne, New Jersey, Hollywood, Florida and Holiday, Florida. On the other hand, the offenses of which Boyle was convicted did not involve any of those offenses but instead involved burglaries in Commack, New York; Fort Salonga, New York; Hillside, New Jersey; Johnson City, New York; Syosset, New York; Northport, New York; East Northport, New York; and Milwaukee, Wisconsin. (See United States v. Boyle, No. 03 CV 970 at Dkt. No. 206 (Superseding Indicment).)

Bellafiore ultimately withdrew his motion to withdraw his guilty plea and was sentenced to a total of 61 months, 60 of which to run consecutive to the 78 month sentence he was serving on the Florida conviction.

Though Boyle does not frame any specific arguments, the Court will construe his Petition as alleging that Bellafiore's attempt to withdraw his guilty plea indicates that Bellafiore's testimony against Boyle was either perjured or unreliable and that the government was complicit in Bellafiore's conduct, "intervene[ing] to ameliorate and/or conceal" charges against Bellafiore, presumably in aid of securing Boyle's conviction.

## DISCUSSION

A petitioner's claim that his conviction resulted from perjured testimony falls under the Due Process Clause of the Fourteenth Amendment. Napue v. Illinois, 360 U.S. 264, 269 (1959). "[A] witness commits perjury if he gives false testimony concerning a material matter with the willful intent to provide false testimony." Dixon v. Conway, 613 F. Supp. 2d 330, 389 (W.D.N.Y. 2009) (quoting United States v. Monteleone, 257 F.3d 210, 219 (2d Cir. 2001)). "The petitioner has the burden of demonstrating, by a preponderance of the evidence, that the witness committed perjury." Zimmerman v. Burge, 492 F. Supp. 2d 170, 196 (E.D.N.Y. 2007). Additionally, in order to be an injury redressable by Section 2255, the petitioner must show that "the prosecutor knew, or should have known, of the

5

perjury," and "a reasonable likelihood that the false testimony could have affected the judgment of the jury." Drake v. Portuondo, 321 F.3d 338, 345 (2d Cir. 2003).

With this standard in mind, Boyle's Petition need not detain us long. He has not established by a preponderance of evidence that Bellafiore committed perjury when Bellafiore testified against him. He has only established that Bellafiore sought to withdraw his guilty plea. But, as stated, supra, the crimes to which Bellafiore pled guilty are not the crimes of which Boyle was convicted. Moreover, a review of the record in Bellafiore's case reveals that had he not committed a crime in Florida while awaiting sentencing before Judge Korman, he would not have moved to withdraw his plea. He did so because the government refused to submit a 5K Letter on his behalf, and he considered his entry of a plea of guilty to guarantee him that letter. (Dkt. No. 4 at 3 ("I would have never pled guilty to the charges had I not been guaranteed the 5K1 motion!").) In any case, Bellafiore ultimately aborted his attempt to withdraw his guilty plea. Therefore, Boyle has not established that Bellafiore gave false testimony at his trial.

To the extent Bellafiore's contradictory takes on his own guilt bear on his credibility generally, counsel for Boyle cross-examined Bellafiore extensively at trial as to his motive in helping the government prosecute Boyle as well as to Bellafiore's criminal history, which is extensive, with a Criminal History Category of VI. The existence of additional impeachment material is not enough to warrant vacatur of Boyle's conviction under these circumstances. He has not established any

prosecutorial misconduct, insufficiency of evidence or any miscarriage of justice borne by him that need not have been raised on direct appeal. See, e.g., United States v. Bokun, 73 F.3d 8, 11 (2d Cir. 1995) ("[A] collateral attack on a final judgment in a federal criminal case is generally available under § 2255 only for a constitutional error, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'") (collecting cases); see also United States v. Scaretta,111 F.3d 124 (2d Cir. 1997) ("To upset a conviction for lack of sufficient evidence, [petitioner] must show that no rational trier of fact, viewing the evidence in the light most favorable could find [him] guilty beyond a reasonable doubt.") (citation omitted); United States v. Donald, No. 07 CR 6208L, 11 CV 6265L, 2013 WL 1580501, at *3 (W.D.N.Y. Apr. 12, 2013) (denying petition where "new evidence" irrelevant to petitioner's crime of conviction). Therefore, Boyle's argument is without merit.

## CONCLUSION

For the foregoing reasons, the petition is DENIED. Further, the Court will not issue a certificate of appealability because Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: December 18, 2013  _____/s_____
      Brooklyn, NY        STERLING JOHNSON, JR.
                                       Senior United States District Judge