UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
EDMUND BOYLE,

        Plaintiff,

                              10-CV-2639 (SJ)

     -against-                MEMORANDUM
                                AND ORDER


UNITED STATES OF AMERICA.,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

A P P E A R A N C E S

**EDMUND BOYLE,** *PRO SE*
#02680-748
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**LORETTA E. LYNCH, ESQ.**
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
By:    Amanda Hector
        Stephen Frank
*Attorneys for Respondent*

**JOHNSON, Senior District Judge:**

      This case comes back before this Court on remand from the United States

Court of Appeals for the Second Circuit ("Second Circuit"). On December 18,

1

2013, this Court issued a Memorandum and Order denying a request for a writ of habeas corpus by Edmund Boyle ("Petitioner"). See (E.D.N.Y. Dec. 18, 2013). In particular, this Court acknowledged and referred to Petitioner's lack of reply papers, which this Court never received, despite granting Petitioner extra time to file. The Second Circuit has asked this Court is to determine whether Petitioner's Reply Memorandum, apparently served by mail from Petitioner's place of incarceration in 2011, but never received in this chambers or docketed in the case, should be docketed and, if so, whether consideration of the reply memorandum affects the outcome of Petitioner's application under §2255.

**A. Petitioner's Habeas Petition Should Be Reconsidered As Timely Submissions Were Never Received or Included in the Court's Analysis.**

Petitioner's June, 2010 petition for a writ of habeas corpus followed his conviction after a jury trial. The Government opposed this petition and the Petitioner sought and received additional time to reply to the Government's opposition. Unfortunately, Petitioner's reply papers were never received in this Court's chambers. They were never docketed in the electronic filing system, nor does the original appear in the Clerk's Office or in the physical file. For the purposes of this motion, the court has retrieved a copy of the reply papers from Petitioner's Court of Appeals file and directed that they be docketed appropriately.

The legitimacy and the importance of the American legal system – and indeed, the rule of law – rest on the key principle that litigants should benefit from

2

a full and fair judicial process. Consequently, offering this Petitioner a full and fair process was of paramount importance to this Court. See Boyle, 2013 WL 6684995, at *1 ("Although Boyle filed multiple requests for extensions of time in which to reply to the government's opposition, he submitted no such reply. Therefore, the Court will base its findings on the record as it stands, construing Boyle's Petition liberally, as the Court is wont to do when evaluating pro se submissions."). The Court allowed Petitioner extensions of time to file his reply and, in an abundance of caution, drew attention to the unusual lack of reply papers in the decision denying Petitioner habeas relief. Id. Thus, this Court welcomes the opportunity to review its prior conclusions in light of the previously unseen reply memorandum at this time.

**B. Careful Consideration of Petitioner's Reply Memorandum Reveals No New Basis For Habeas Relief**

Petitioner's reply memorandum, and the exhibits attached thereto, present claims identical to the petition, albeit in considerably greater detail. Namely, Petitioner re-argues that the testimony of the Government's chief cooperating witness against Petitioner, Gerard Bellafiore, was perjured and that the Government was complicit in the presentation of false testimony to this Court. See Pet. Reply Mem. at 4-5. Compare Boyle v. United States, 2013 WL 6684995, at *2. However, petitioner does not present new information or specific responses to the arguments the Government sets forth in its opposition to Petitioner's request

for a writ of habeas corpus. Nor does Petitioner present new or additional specific facts demonstrating the testimony presented against him at trial was, in fact, false.

Although Boyle's counsel had the opportunity to fully cross-examine Bellefiore at trial, Petitioner claims there was misconduct (including criminal activity) during the pendency of Bellefiore's cooperation that was never heard by the jury, that Bellefiore's post-trial attempt to withdraw his guilty plea (later withdrawn), and that the Government was both aware and complicit in a miscarriage of justice. Petitioner submits letters from Bellefiore to the Hon. Edward Korman and to this Court, see Reply Mem. at 8-10, and suggests Bellefiore "threatens" the Court and the Government with exposure of the "actual truth of the deal about his agreement." Reply Mem. at 10.

A review of the letters, attached as exhibits to Petitioner's reply memorandum and cited therein, does not bear out Petitioner's claims. While Bellefiore's letters and in-court statements with respect to his own cooperation may be self-serving, they do not appear to credibly threaten the Court or the Government with the revelation of a previously undisclosed truth, nor do they demonstrate the existence of false or perjured testimony on the part of Bellefiore.

At best, Petitioner presents material that would be grounds for further impeachment of Bellefiore. However, as it stands, Boyle's counsel cross-examined Bellefiore for over four hours, impeaching him on the terms of his

4

cooperation agreement, his extensive criminal history (Bellefiore was at Criminal History Category VI), his repeated violation of the conditions of his bail, his marital infidelity, and other issues. (See Tr. at 493-649). A conclusion that additional impeachment material in this same vein, even if presented, would have materially changed jury's assessment of Bellefiore's reliability or the outcome of Boyle's trial is not warranted. More to the point, it does not appear that Boyle can offer evidence or facts, even circumstantially, to support his arguments that Bellefiore provided false testimony against him at trial.

Having received and reviewed Petitioner's reply memorandum, as well as the other documents in this case and the Court's prior ruling on this matter, this Court remains convinced that Boyle's argument is without merit. The Petition is DENIED.

## **CONCLUSION**

For the foregoing reasons, the Court directs the Clerk of the Court to docket a copy of Petitioner's reply memorandum and exhibits, attached to this opinion, to complete the file. Upon review, including examination of Petitioner's reply papers, the Court's conclusions remain unchanged and Petitioner's §2255 application is denied.


SO ORDERED.

Dated: August 11, 2014  　　　　　　　　　　　　　　　_____/s/_____  
　　　　Brooklyn, New York  　　　　　　　　　　　　Sterling Johnson, Jr.  
　　　　　　　　　　　　　　　　　　　　　　　　　　Senior U.S.D.J.