UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EDMUND BOYLE,

       Petitioner,

                                             10 CV 2639 (SJ)

   -against-

                                             MEMORANDUM &
                                             ORDER

UNITED STAES OF AMERICA,

       Respondent.
-----------------------------------------------------------X

APPEARANCES

THE LAW OFFICES OF ANTHONY DIPIETRO
15 Chester Avenue
White Plains, NY 10601
By:    Anthony DiPietro
Attorney for Edmund Boyle

BRIDGET M. ROHDE,
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
By:    Rena Paul
Attorney for the Government

**JOHNSON, Senior District Judge:**

    Petitioner Edmund Boyle ("Boyle"), moves pursuant to Rule 59 to alter or amend this Court's August 11, 2014 judgment, which denied his petition for a writ of habeas corpus. For the following reasons, the motion is DENIED.

1

## BACKGROUND

On March 21, 2005, Boyle was convicted of 11 charges, including racketeering, racketeering conspiracy, bank burglary and attempted bank burglary. Gerald Bellafiore ("Bellafiore") was a cooperating witness who testified against Boyle in order to receive a sentence reduction pursuant to United States Sentencing Guideline § 5K1.1 ("5K Letter"). Subsequent to the conviction of Boyle, Bellafiore breached his promise not to commit new crimes while he was released on bond. The government declined to offer the 5K letter in support of a sentence reduction. Bellafiore then sought to withdraw his guilty plea.

On June 7, 2010, Boyle filed a pro se motion (the "Motion") for the Court to vacate his sentence, pursuant to 28 U.S.C. § 2255. (Dkt. No. 21 at 2.) The government responded on April 11, 2011 and this Court granted Boyle extensions of time to reply. Id. However, because Boyle did not reply in time, the Court ruled on the papers then-filed. In its December 18, 2013 order denying the petition, the Court reasoned that the Motion offered no specific facts that served as evidence of false testimony from Bellafiore against Boyle. (Dkt. No. 17.) Specifically, the Court held that the recent testimony from Bellafiore had no bearing on the original conviction of Boyle:

> The racketeering acts to which Bellafiore pled guilty involved a bank robbery in Brooklyn, a bank robbery on Staten Island, damaging a vehicle by fire in Brooklyn, and several interstate transfers of money stolen from night deposit boxes in Brooklyn, New Jersey, Hollywood, Florida and Holiday,

Florida. On the other hand, the offenses of which Boyle was convicted did not involve any of those offenses but instead involved burglaries in Commack, New York Fort Salonga, New York; Hillside, New Jersey; Johnson City, New York; Syosset, New York; Northport, New York; East Northport, New York; and Milwaukee, Wisconsin.

(Id. at 4.)

The Court denied Boyle's request for a writ of habeas corpus. However, on April 18, 2011, Boyle filed a reply memorandum that cross paths with the Court's initial order and thus was not considered in deciding the Motion.

On August 11, 2014, Boyle appealed the Court's decision to deny his Motion and United States Court of Appeals for the Second Circuit ("Second Circuit") remanded the case so this Court could determine the significance, if any, of Boyle's letter. (Dkt. No. 21 at 2.) The Second Circuit asked had this Court received the reply in time, would it have affected the previous decision. For the same reasons, stated, supra, this Court answered no. Boyle's petition would have been denied even had his reply been received in time. (Id. at 5.) This is because, rather than asserting additional evidence or arguments in his latest memorandum, Boyle simply just re-argued the same points in a more meticulous manner.

Boyle, now represented by counsel, again asks the Court to alter or amend the August 11, 2014 judgment dismissing the action. Due to alleged hidden evidence, Boyle seeks an evidentiary hearing in order to develop his original allegations. He asserted three arguments: (1) the prosecutors held information relevant to the

3

alleged perjury away from both the Court and the defense; (2) the government asserted false testimony at the trial of Boyle; and (3) due to the withholding of facts, Boyle was unable to assert evidence in support of his motion for relief pursuant to 28 U.S.C. § 2255. Boyle essentially asserts that the government should have had disclosed to him the facts relevant to Bellafiore's attempt to withdraw his plea.

## DISCUSSION

Under Rule 59, the Court may alter or amend a judgment to "take additional testimony amend findings of fact and conclusions of law or make new ones, and direct entry of a new judgment." Fed. R. Civ. P. 59(a)(2), Rule 59(e) states a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. See Fed. R. Civ. P. 59(e). The instant motion was timely filed.

Boyle introduced two cases he alleges entitle him to an evidentiary hearing. He directs the Court to Pham v. United States, 291 F.3d 178 (2d. Cir. 2003), and Aron v. United States, 291 F.3d 708 (11th Cir. 2002). Neither case supports Boyle's conclusion.

In Pham, the plaintiff moved pro se to vacate convictions for conspiracy to alien smuggle, receive ransom money, commit kidnaping, amongst other offenses.

4

Id. at 178. The district court denied the motion, which Pham appealed Id. The Second Circuit overturned the district court's decision. Id. In summary, the Second Circuit reasoned the district court failed to support the final conclusion to deny the petition. Id. at 184. In the instant case, the Court reviewed the record by considering Boyle's motion and reply memorandum even though the reply contained no new facts. The Court twice reasoned that when Bellafiore recanted his statements, he didn't recant any testimony specific to Boyle's offenses. This is now Boyle's third bite of the apple.

Further supporting a denial of a hearing in the instant case is Aron. See generally Aron, 291 F.3d 708. In Aron, the plaintiff sought post-conviction relief, and the motion was dismissed as untimely. Id. at 708. The Eleventh Circuit determined that if the record conclusively shows that a prisoner is entitled to no relief, a hearing is not required. Id. That is the case here. A hearing is not warranted.

## CONCLUSION

For the foregoing reasons, the petition is DENIED. Boyle is not entitled to an evidentiary hearing because he has yet to provide the Court of evidence that is not firmly contradicted by the record. The Clerk of the Court is directed to close this case.

5

SO ORDERED.

Dated: August 3, 2017
      Brooklyn, NY

_____

P-049